UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PEDRO CURIEL and MARIA CURIEL, | Civ. No. S-09-3074 FCD/KJM |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| BARCLAYS CAPITAL REAL ESTATE INC, DBA HOMEQ SERVICING, ARGENT MORTGAGE COMPANY, LLC, OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, WELLS FARGO BANK, NA, MORTGAGE FINANCE ADVISORS, PATRICK MURPHY, and DOES 1-20 inclusive, | |
| Defendants. | |

----oo0oo----

This matter is before the court on the motions of defendants Barclays Capital Real Estate Inc. d/b/a HomeEq Servicing and Wells Fargo Bank, N.A. to dismiss plaintiffs Pedro Curiel and Maria Curiel's ("plaintiffs") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On February 23, 2010, plaintiffs filed a statement of non-opposition, requesting that

their claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without prejudice. (Docket # 17.) Accordingly, plaintiffs' TILA and RESPA claims are dismissed. See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 et seq., breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and violation of California Civil Code § 1632.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which

1 | federal-law claims are eliminated before trial, the balance of
2 | factors . . . will point toward declining to exercise
3 | jurisdiction over the remaining state law claims.")(<u>quoting</u>
4 | <u>Schneider v. TRW Inc.</u>, 938 F.2d 986, 993 (9th Cir. 1991)).  In
5 | accordance with 28 U.S.C. § 1367(c), the court declines to
6 | exercise supplemental jurisdiction over plaintiffs' remaining
7 | state law claims.
8 |     Accordingly, plaintiffs' complaint is DISMISSED without
9 | prejudice.
10 |     IT IS SO ORDERED.
11 | DATED: March 2, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE